James Rocky WRIGHT,
Plaintiff–Appellee,

v.

Fritz MOISE, M.D.; Marilyn Perry, Director; Sharon Sizemore, Administrator, Medical Programs, Jcdc, Defendants,

Michael Horton, Director, Jefferson County Department of Corrections; Grace Smith, Major Grace Smith, Director, Community Corrections Center; Edie Underwood, Administrator, Medical Programs, Jcdc, Defendants–Appellants.

No. 02–6469.

United States Court of Appeals,
Sixth Circuit.

June 20, 2003.

Before MARTIN, Chief Judge;
KRUPANSKY and COLE, Circuit Judges.

## ORDER

Three employees of the Jefferson County, Kentucky jail appeal through counsel a district court order denying their motion for summary judgment in a civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

James Rocky Wright, a former pretrial detainee at the jail, filed this complaint alleging that six defendants were deliberately indifferent to his serious medical needs during his incarceration there from October 6, 1999, to June 29, 2000. Wright had preexisting problems of a biceps tendon rupture and a hernia upon his incarceration. He alleged that he complained of pain and sought medical attention on numerous occasions, writing to all of the named defendants. Allegedly, the doctor employed by the jail told Wright that he would have to wait until he got out to have his problems taken care of, and only gave him over-the-counter pain medication, such as Tylenol, by way of treatment. No details concerning the hernia condition were included in the complaint. However, Wright alleged that the doctor delayed in referring him to an outside specialist for his biceps tendon rupture; and told Wright that the specialist had refused to see him when actually the specialist had only requested X-rays prior to accepting the referral. The doctor eventually referred Wright for X-rays, and he was then sent to the specialist, who recommended and scheduled surgery to repair the ruptured biceps tendon, six months after his initial incarceration. However, the surgery had to be cancelled because defendants did not tell Wright not to eat or drink anything after midnight before the scheduled surgery with anesthesia. This was allegedly due to a policy of not informing inmates of scheduled trips out of the jail in order to prevent escape plans. The surgery was never performed before Wright was transferred out of the jail three months later.

The district court screened the complaint and determined that Wright was suing the defendants only in their official capacity. As such, he construed the complaint as being filed against the county, and determined that the only viable claim was that based on the alleged policy of not informing inmates who were scheduled for surgery that they may not eat or drink anything after midnight. The claims based on the six-month delay before surgery was scheduled were therefore dismissed. However, Wright then moved to amend his complaint to clarify that he was suing the defendants in both their official and individual capacities (he had actually

indicated this as to the defendant doctor only in the original complaint). The motion to amend was never specifically ruled on, and the status of the claims of delay in treatment for the first six months of Wright's incarceration against the individual defendants is therefore unclear.

The three defendants at issue in this appeal, the director of the Department of Corrections, the director of the jail, and the administrator of the medical program, moved for summary judgment based in part on an argument that they were entitled to qualified immunity. Wright filed a response to the motion. The district court denied the motion, and this appeal followed.

The denial of a summary judgment motion based on the defense of qualified immunity is immediately appealable, but the appeal is limited to questions of law. *Noble v. Schmitt*, 87 F.3d 157, 162–63 (6th Cir.1996). This court will not review the district court's finding that genuine issues of material fact are presented. *LeMarbe v. Wisneski*, 266 F.3d 429, 434–35 (6th Cir.2001), *cert. denied*, 535 U.S. 1056, 122 S.Ct. 1914, 152 L.Ed.2d 824 (2002). Defendants denied qualified immunity therefore can appeal on the ground that the facts as alleged by the plaintiff and construed in the light most favorable to him do not establish a prima facie violation of constitutional law, *Klein v. Long*, 275 F.3d 544, 549 (6th Cir.2001), *cert. denied*, 537 U.S. 819, 123 S.Ct. 95, 154 L.Ed.2d 26 (2002), or that the right allegedly infringed was not clearly established. *Phelps v. Coy*, 286 F.3d 295, 298 (6th Cir.2002), *cert. denied*, 537 U.S. 1104, 123 S.Ct. 866, 154 L.Ed.2d 772 (2003).

The question appealable in this case is therefore whether the defendants, under the facts alleged by Wright, could be shown to have violated a right so clearly established that any reasonable person would have understood that they were violating it. *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir.2002). It is well-established in this circuit's case law that a knowing indifference to a serious medical need states a claim under the Eighth Amendment. *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir.1993). Defendants who know of and disregard an excessive risk to an inmate's health violate the Eighth Amendment. *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir.2001). Prison officials who delay in giving treatment may be found to have violated the Eighth Amendment. *LeMarbe*, 266 F.3d at 439.

Wright's allegations in this case, construed in the light most favorable to him, are that defendants purposely delayed getting him treatment for an obvious deformity which was causing him pain and suffering, and disregarded the risk to his health from such delay to the point where he may now have an untreatable permanent disability. The district court also pointed out that the need to fast before anesthesia is obvious and the failure to have a policy which permits such preparation for surgery may be sufficient to demonstrate indifference to a serious medical need. Because the right allegedly violated in this case is clearly established, and the facts construed in Wright's favor could be found to establish a violation of that right, the denial of the motion for summary judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.